IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James B. Curry, #186737, | ) | C/A No.: 0:16-1677-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Gov. Nikki R. Haley, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

James B. Curry ("Plaintiff"), proceeding pro se and in forma pauperis, is an inmate incarcerated at Lee Correctional Institution. He filed this action seeking to compel action by South Carolina Governor Nikki R. Haley. [ECF No. 1]. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff alleges he sent a petition for clemency to Governor Haley on November 30, 2015, stating that former Great Falls police chief violated his civil rights when he lied to obtain warrants for Plaintiff's arrest. [ECF No. 1 at 2]. Plaintiff claims he was convicted and sent to prison for 25 years when there was no probable cause for his arrest. *Id.* Plaintiff alleges Governor Haley failed to uphold the constitution and her oath of

office when she did not respond to his petition. *Id.* Plaintiff claims his "imprisonment can not be shown to conform with the fundamental requirement of law required by the United States Constitution." *Id.* Plaintiff asks the court to compel Governor Haley to make a decision on his petition for clemency within 30 days. *Id.* at 3.

II.     Discussion

    A.     Standard of Review

Plaintiff filed this petition pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the pleading lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se petitions are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the Plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the

pleadings to state a valid claim on which the Plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

Plaintiff seeks mandamus relief and requests the court compel action by South Carolina Governor Nikki R. Haley. Under 28 U.S.C. § 1361, federal district courts are granted "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Thus, on its face, § 1361 extends federal mandamus jurisdiction only to federal officers or employees. *See United States v. Oncology Assocs.*, 198 F.3d 502, 510 (4th Cir. 1999). Further, 28 U.S.C. § 1651, the "all writs statute," is limited to cases where federal courts are acting in aid of their respective jurisdictions. *See* 28 U.S.C. § 1651; *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587–88 nn.2–4 (4th Cir. 1969). Accordingly, this court lacks jurisdiction under §§ 1361 and/or 1651 to grant such relief against the State of South Carolina, its officials or entities. *See In re Ridgway*, No. 95-8002, 1995 WL 227268, at *1 (4th Cir. Apr. 18, 1995) ("This Court will not direct the action of state actors through mandamus."); *Moye v. Clerk, DeKalb Cnty. Sup.Ct.*, 474 F.2d 1275, 1275–76 (5th Cir. 1973) (holding federal courts do not have original jurisdiction over mandamus actions to compel an officer or employee of a state

to perform a duty owed to the petitioner); *see also In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001) (same; collecting cases). Therefore, this case is subject to summary dismissal.

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss the complaint without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

June 2, 2016                                             Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).